**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ABRAHAM JAMEES YAHV SIMMERS II,**<br><br>**Defendant.** | **Case No. 26-CR-341-JDR** |

**Unopposed Motion for Protective Order**

The Government moves the Court to enter a Protective Order for certain sensitive discovery materials, namely: (1), materials containing personal identifying information of individuals and (2) grand jury materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, and in support thereof states as follows:

1. Pursuant to Local Criminal Rule 16.1, the undersigned Assistant United States Attorney consulted with opposing counsel and is authorized by defense counsel to state that he does not object to this motion.

2. The Jencks Act requires that the Government, on motion of the Defendants, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b) (1988). This material includes a transcript of grand jury testimony. 18 U.S.C. § 3500(b) & (e)(3).

3. Fed. R. Crim P. 26.2(a) states that after a witness has testified on direct examination, the Defendant is entitled to a transcript of the grand jury testimony of the witness that relates to the subject matter of the witness's testimony.

4. Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when authorized by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

5. It is the practice in this district to voluntarily disclose grand jury transcripts during discovery, thereby preventing delays during the trial.

6. Additionally, the discovery in this case includes sensitive materials such as medical records of the alleged assault victim and materials containing personal identifying information of individuals.

7. In order to protect the confidentiality of the aforementioned sensitive discovery materials, the sanctity and the secrecy of the grand jury process, and to protect the Government's attorney if he discloses to Defendant's counsel, prior to trial, grand jury materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered for any grand jury transcripts and the

aforementioned sensitive discovery materials provided to the Defendant, requiring that Defendant shall:

a. not disseminate the materials for any purpose other than to those individuals identified in subparagraph c;

b. not show the materials to anyone other than potential witnesses, experts or those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case; and

c. not reproduce the materials for dissemination to individuals other than potential experts and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

The government further requests that the Protective Order prohibit defense counsel, their staff, experts, and any member of the defense team from inputting, transmitting, uploading, processing, generating output from, or otherwise exposing any protected materials to any artificial intelligence ("AI") tool unless it does not (i) retain or use any Protected Materials for model training, nor (ii) expose any Protected Materials to third parties not authorized by this order to receive such materials. The government further requests that the Protective Order prohibit under any circumstances any member of the defense team from submitting any Protected Information to a publicly accessible AI system that retains and uses submitted data to train models.

WHEREFORE, the United States respectfully requests that the Court enter a protective order for the aforementioned sensitive discovery materials.

Respectfully submitted,

CHRISTOPHER J. NASSAR
UNITED STATES ATTORNEY

*/s/ Aaron M. Jolly*
Aaron M. Jolly, Missouri No. 70155
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
918-382-2700

**Certificate of Service**

I hereby certify that on the 17th day of September, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Daniel Medlock
*Counsel for Defendant*

*/s/ Aaron M. Jolly*
Assistant United States Attorney