**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Abraham James Yahv Simmers, II,<br><br>Defendant(s). | Case No.: 26-cr-00341-JDR<br><br>**ORDER SETTING CONDITIONS OF RELEASE** |

**IT IS ORDERED** that Defendant's release is subject to the following conditions:

(1) Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) Defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) Defendant shall appear at all proceedings as required and shall surrender as directed for service of any sentence imposed. Defendant shall next appear at (if blank, you will be notified):

Place: ______________________________

On: ______________ at ________

Before: ______________________________

(4) The Defendant must cooperate in the collection of a DNA sample if the collection is authorized by 34 U.S.C. § 40702.

**RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND**

**IT IS FURTHER ORDERED** that the Defendant be released provided that:

(X) (5) Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X) (6) Defendant executes an unsecured bond binding Defendant to pay the United States the sum of Ten Thousand Dollars and No Cents ($10,000.00) in the event of a failure to appear as required, or to surrender as directed for service of any sentence imposed.

**ADDITIONAL CONDITIONS OF RELEASE**

Upon finding that release by one of the above methods will not by itself reasonably assure Defendant's appearance and the safety of other persons in the community, it is **FURTHER ORDERED** that Defendant's release is subject to the conditions marked below:

(X) (7) **DEFENDANT SHALL:**

| | | |
|---|---|---|
| (X) | (a) | report to United States Probation Office as directed and advise them immediately of any contact with law enforcement, including but not limited to, any arrest, questioning or traffic stop. 18 U.S.C. § 3142(c)(l)(B)(vi). |
| (X) | (b) | abide by the following travel restrictions: Travel is restricted to the Northern District of Oklahoma unless permission to travel outside that district is granted in advance from the U.S. Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| (X) | (c) | maintain current residence or a residence approved by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| (X) | (d) | allow the U.S. Probation Officer to visit the home, place of work, or any place deemed necessary to ensure the conditions of release are not violated. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| (X) | (e) | successfully participate in a program of testing for drug and alcohol abuse, as directed by the U.S. Probation Office. Testing may be used with random frequency, not to exceed eight times per month, and may include urine testing, the wearing of a sweat patch, oral swab, and/or any other form of substance abuse testing and/or screening. The defendant must not obstruct, or tamper with the efficiency and accuracy of substance abuse testing and/or screening. 18 U.S.C. § 3142(c)(l)(B)(x). |
| ( ) | (f) | successfully participate in a program of treatment (to include inpatient if necessary) for drug and alcohol abuse, as directed by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(ix). |
| (X) | (g) | abstain from the use of any form of alcohol or intoxicating substance. This condition shall include alcohol monitoring unless waived by the probation officer. If an alcohol monitoring device is utilized, defendant shall comply with the monitoring requirements and follow the Probation Officer's instructions. 18 U.S.C. § 3142(c)(l)(B)(ix). |
| ( ) | (h) | not use or unlawfully possess a narcotic drug and other controlled substances unless prescribed by a licensed medical practitioner. 18 U.S.C. § 3142(c)(l)(B)(ix). |
| ( ) | (i) | successfully participate in a program of mental health treatment as directed by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(x). |
| ( ) | (j) | surrender any passport within (3) three working days to the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| (X) | (k) | Do not apply for or obtain a new passport or any other international travel documents. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| (X) | (l) | not possess a firearm, destructive device, or other dangerous weapon. All firearms in any place in which the defendant resides shall be removed and verification provided to the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(viii). |
| ( ) | (m) | successfully participate in one of the following location monitoring programs and comply with its requirements as directed: |
| ( ) | | (i) Curfew. The defendant is restricted to the defendant's residence every day on a schedule as directed by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(vii). |
| ( ) | | (ii) Home Detention. The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical appointments or emergencies; substance abuse testing or treatment; mental health treatment, attorney consultation; court appearances; court-ordered obligations; or other activities approved in advance by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(xiii). |
| ( ) | | (iii) Home Incarceration. The defendant is restricted to the defendant's residence at all times with the exception of medical appointments or emergencies; court appearances; or other activities approved in advance by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(xiii). |

( ) (iv) Stand Alone Monitoring. The defendant must comply with the location and/or travel restrictions as imposed by the Court. Stand Alone Monitoring shall be used in conjunction with global position system (GPS) technology. 18 U.S.C. § 3142(c)(l)(B)(xiii).

The location monitoring programs may or may not include electronic monitoring or other location verification systems unless otherwise specified in the condition. The type of technology utilized is at the discretion of the United States Probation Office except in the case of Stand Alone Monitoring, which requires GPS technology.

| | | |
|---|---|---|
| (X) | (n) | avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution, including but not limited to the following named person(s): S.R., & D.E. . 18 U.S.C. § 3142(c)(l)(B)(v). |
| ( ) | (o) | Avoid all contact, directly or indirectly, with codefendant(s) and defendant(s) in related cases unless approved by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(v). |
| (X) | (p) | Seek or maintain employment as approved by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(ii). |
| ( ) | (q) | maintain or commence an educational program as approved by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iii). |
| ( ) | (r) | advise any possible third parties who may be at risk because of your past criminal conviction(s) and/or the charged offense(s). 18 U.S.C. § 3142(c)(l)(B)(xiv). |
| ( ) | (s) | abide by the current conditions of supervision. 18 U.S.C. § 3142(c)(l)(B)(xiv). |
| ( ) | (t) | THIRD PARTY CUSTODIAN<br>The defendant is placed in the custody of: ,<br>who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and notify the Court immediately if the defendant violates a condition of release or is no longer in the custodian's custody. 18 U.S.C. § 3142(c)(l)(B)(i).<br>The defendant is placed in the custody of: , |

The following other conditions are placed in categories for organizational purposes only and do not have to be imposed in blocks or groups. The conditions are intended to provide a reference for Judicial Officers when structuring alternatives to detention and conditions of release sufficient to mitigate the more serious risks posed by defendants based on their individual risk factors and characteristics. 18 U.S.C. § 3142(c)(l)(B)(xiv).

**DEFENDANT SHALL:**

( ) (u) **SEX OFFENDER**

( ) (1) register as a sex offender in accordance with state law in the county of residence and provide verification to the United States Probation Office.

( ) (2) participate in Specialized Treatment Services designed for pretrial defendants charged with a sexual offense.

( ) (3) contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the United States Probation Office based on the defendant's ability to pay and the availability of third party payments.

( ) (4) have no contact with children under the age of eighteen (18) without prior written permission of the United States Probation Office. Any unauthorized contact will be reported to the United States Probation office immediately.

( ) (5) not loiter within one-hundred (100) feet of schools, parks, playgrounds, arcades, zoos, or other places providing activities frequented by children under the age of eighteen (18).

( ) (6) not engage in any occupation, business, or profession where the defendant has access to children under the age of eighteen (18), unless written authorization is received in advance by the United States Probation Office.

( ) (7) not possess sexually stimulating or sexually oriented material as deemed inappropriate by the United States Probation Office.

( ) (v) **COMPUTER AND INTERNET**

( ) (1) disclose all email accounts, internet connections and internet connection devices, including screen names and passwords, to the United States Probation Office. The defendant shall immediately advise the United States Probation Office of any changes in their email accounts, internet connections, devices, or passwords. The United States Probation Office shall have the authority to monitor all computer activity, including all email or internet connections, as well as the authority to install remote computer monitoring software. If a computer or other internet accessible device is in a shared residence, the device must be password protected to assure the defendant has no access to the internet, or the device must otherwise be made inaccessible to the defendant.

( ) (2) remove all internet accessible devices from the residence, and have no internet or computer access. The defendant consents to the United States Probation Office's use of electronic detection devices to evaluate the defendant's access to wireless fidelity (WiFi) connections.

( ) (3) not subscribe to or use any internet services at any location without the approval of the United States Probation Office. Telephone bills, credit card bills, and service agreement shall be provided on request from the United States Probation Office.

( ) (4) not possess or use a computer, data storage device, or any internet capable device without the approval of the United States Probation Office.

( ) (5) not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity. The defendant will report immediately to the United States Probation Office access to any internet site containing prohibited material.

( ) (6) not alter or use any form of encryption, cryptography, stenography, compression, password-protected files or other method that limit access to, or change the appearance of, data and/or images.

( ) (7) not alter or destroy any records of computer use. The use of computer software or functions designed to alter, clean, or "wipe" computer media, block computer monitoring software, or restore a computer to a previous state is prohibited.

( ) (8) provide all personal and business telephone records to the United States Probation Office.

( ) (9) not use or possess any computer, data storage device, or any internet capable device, at any location, except at your place of employment, unless the defendant agrees to computer and internet monitoring. The United States Probation Office may use and/or install any hardware or software that is needed to monitor the defendant's use of a computer or internet capable device. The defendant shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device and/or internet capable device may be removed by the United States Probation Office for a more thorough examination. The defendant may be limited to possessing one personal internet capable device, to facilitate the United States Probation Office's ability to effectively monitor their internet related activities.

( ) (10) not access any instant messaging, chat rooms, or chat programs through WiFi, or otherwise. Refrain from maintaining or accessing any social networking accounts or peer to peer file sharing sites or programs.

( ) (w) **GAMBLING OR GAMING**

( ) (1) not engage, directly or indirectly, in any form of gambling or game of chance. The defendant shall not loiter or enter any dwelling or enterprise wherein gambling or games of chance are taking place.

( ) (2) at the discretion of the United States Probation Office, successfully participate in a program of mental health treatment, to include but not limited to a program for treatment of gambling addiction.

( ) (x) **OTHER**

( ) ______________________________________________

**ADVISE OF PENALTIES AND SANCTIONS**

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of release, an order of detention as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment or a fine. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. § 1503 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to intimidate or attempt to intimidate a witness, juror or officer of the court. 18 U.S.C. § 1510 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to obstruct a criminal investigation. 18 U.S.C. §1512 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to tamper with a witness, victim or informant. 18 U.S.C. § 1513 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to retaliate against a witness, victim or informant, or threaten or attempt to do so. It is a criminal offense under 18 U.S.C. § 3146, if after having been released, Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If Defendant is released in connection with a charge of, or while awaiting sentencing, surrender for the service of a sentence, or appeal or *certiorari* after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, Defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, Defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, Defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, Defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

________________________________
Abraham James-Yahv Simmers, II

## DIRECTIONS TO UNITED STATES MARSHAL

(X) Defendant is ORDERED released after processing.

( ) The United States Marshal is **ORDERED** to keep Defendant in custody until notified by the clerk or a judicial officer that Defendant has posted bond and/or complied with all other conditions for release. Defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 9/22/2026

________________________________
Jodi F. Jayne, U.S. Magistrate Judge